# Exhibit B

*(State Court Documents in Globo)*

JAMES THOMPSON, JR.,                    :        14TH JUDICIAL DISTRICT COURT
NORMA PATTERSON AND CAROL
LOUISE YELLOTT

VS. NO. 2013-0048 F                     :        PARISH OF CALCASIEU

PRIDE MOBILITY PRODUCTS                 :        STATE OF LOUISIANA
CORPORATION, THE SCOOTER
STORE, INC.,  AND THE SCOOTER
STORE – BATON ROUGE, LLC

FILED : 1 . 10 . 2013                   :        *s/ Cathey Broussard*
                                                 DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, persons of the full age of majority and residents of Calcasieu Parish, Louisiana, with respect represent:

1.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, is a foreign corporation, which may be served through the Louisiana Long Arm Statute, through its President, Scott S. Meuser or any authorized representative, 182 Susquehanna Avenue, Exeter, PA. 18643.

Defendant, THE SCOOTER STORE, INC., is a foreign corporation, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Enitity Services, L.L.C., 2325-B Renaissance Drive, Las Vegas, NV., 89119 and through the Louisiana Long Arm Statute, through its President, Director, Doug Harrison, or through any authorized representative, 1650 Independence Drive, New Braunfels, TX. 78132.

Defendant, THE SCOOTER STORE - BATON ROUGE, L.L.C., is a foreign corporation, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA. 70802.

2.

Petitioners, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, are the adult children of James Thompson, Sr.

3.

The Jazzy Select GT was manufactured by defendant, PRIDE MOBILITY PRODUCTS CORPORATION.

4.

In April 2009, defendant, PRIDE MOBILITY PRODUCTS CORPORATION, through one of its authorized retailers, defendant THE SCOOTER STORE, INC., did sell and deliver its Jazzy Select GT model power chair to James Thompson, Sr.

5

On January 10, 2012, James Thompson, Sr. was 84 years old.

6.

James Thompson, Sr. had Chronic Obstructive Pulmonary Disease and Parkinson's disease and had great difficulty walking.  Despite his impairments, he, nevertheless attempted to enjoy as active and productive a life style as possible.

7.

The Jazzy Select GT is a motorized power chair manufactured by defendant, PRIDE MOBILITY PRODUCTS CORPORATION.  The power chair is advertised and marketed as a life enhancement device designed to increase the mobility of elderly, disabled and/or handicapped individuals, by providing a motorized seat for movement.

8.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, advertised and marketed their power chairs to combine state-of-the-art components of safety, comfort and styling.

9.

The Jazzy Select power chair is a battery powered unit that offers variable speed control and a joystick style handle to operate the machine.

10.

The chair is mounted on a frame that contains two drive wheels in the front and two caster wheels in the rear.  The electrical components are located either on or inside the power base and the main circuit breaker is located on the front of the power base with the power module located under the front cover.

11.

The seat, arm rests and back rest are designed with foam cushions and upholstery material that should have met flame resistance standards and fire resistance standards.

12.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, was aware that its electrical circuitry or captured hydrogen gas from its power source had caused combustion of its upholstery and foam cushions and had caused injury or death to its customers using their motorized power chair.

13.

The seat, arm rests and back rest on the Jazzy Select GT did not meet the minimal flame resistance standard known as FMVSS 302 required for automobile seating surfaces since 1972, even though Defendant knew it was feasible to meet this standard.

14.

James Thompson, Sr. was very much the type of consumer defendants intended to be a user of its Jazzy power chair products.

15.

On January 10, 2012, James Thompson, Sr. was in possession of the Jazzy Select GT and it was located in his home, located at 4899 Wes Berry Road, DeQuincy, Louisiana.

16.

On January 10, 2012, a fire started at the electrical control/circuitry area on James Thompson, Sr.'s Jazzy Select GT power chair.

17.

On January 10, 2012, James Thompson, Sr. was on the Jazzy Select GT power chair in the living room of his home when the fire started and then engulfed the power chair burning the upholstery and cushions on the arm rest, seat and back rest and causing toxic smoke to fill the living room.

18.

The Jazzy Select GT was the only item smoking and on fire in the home of James Thompson, Sr. when emergency responders arrived.

19.

James Thompson, Sr. was found lying next to the Jazzy Select GT in a fetal position, unclothed.

20.

The fireman found James Thompson, Sr. badly burned and suffering from smoke inhalation and pulled him out of the house.

21.

The fireman used water to put out the fire on the Jazzy Select GT power chair.

22.

James Thompson, Sr. was still alive and in great pain and distress, and was taken by ambulance to a local hospital.

23.

James Thompson, Sr. was in significant respiratory distress from the thermal burns and smoke inhalation.  James Thompson, Sr. suffered thermal burns involving approximately 60% of this total body, with blistering and skin loss.

24.

Due to the severity of the burns, James Thompson, Sr.'s family was informed by the doctors that his condition was not salvageable.  A tracheostomy was performed and James Thompson, Sr. was put on a morphine drip to ease his pain.

25.

James Thompson, Sr. sustained life ending burns from  the fire on January 10, 2012.

26.

James Thompson, Sr. lived and suffered horribly for about six hours and then he died on January 10, 2012, from the burns and smoke inhalation caused by the fire which engulfed his Jazzy Select GT power chair.

27.

Prior to the fire which occurred on January 10, 2012, defendant, THE SCOOTER STORE - BATON ROUGE, L.L.C., performed repairs and/or maintenance on the Jazzy Select GT power chair owned by James Thompson, Sr.

28.

The Jazzy Select GT power chair was manufactured, designed, tested, inspected, serviced and distributed into the stream of commerce by defendant, PRIDE MOBILITY PRODUCTS CORPORATION.

29.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, therefore, is a manufacturer of the product at issue, within the meaning of LSA-R.S. 9:2800:51, et seq., commonly referred to as the "Louisiana Products Liability Act."

30.

It is alleged on information and belief that after being manufactured by defendant, PRIDE MOBILITY PRODUCTS CORPORATION, the Jazzy Select GT power chair was distributed through the normal channels and sold, in the ordinary course of business.

31.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, owed a duty to James Thompson, Sr. and all other similarly situated persons to use reasonable care in the design and manufacture of the Jazzy Select GT model chair to see that its electrical circuitry would not catch on fire and to see that its upholstered foam, arm rests, back rest and seating surfaces were as fire and flame resistant as reasonably possible.

32.

The Jazzy Select GT was defective in its design, making it unreasonably dangerous and likely to injure the user.  The design defects existed at the time the product left the manufacturer's control.

33.

Defendant's, PRIDE MOBILITY PRODUCTS CORPORATION, duty to its consumers to use reasonable care should have been magnified by their knowledge that persons using their product would likely have serious physical impairment and have difficulty escaping a wheelchair that catches fire.

34.

There existed an alternative design for the Jazzy Select GT power chair that was capable of preventing Petitioner's injuries.

35.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, failed to utilize fire resistant treatment and fire resistant materials and failed to utilize an ongoing process of testing to determine if its products were being manufactured with the appropriate degree of flame resistance.

36.

The Jazzy Select GT power chair manufactured by defendant, PRIDE MOBILITY PRODUCTS CORPORATION lacked proper electrical circuitry, wiring and/or connections, lacked a safe charging system and/or battery, lacked a properly installed or designed charger harness/control harness, and lacked flame retardant and flame resistant materials used to cover the chair and used for foam or padding for the chair, which made this product unreasonably dangerous and caused the injuries and death of James Thompson, Sr.

37.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION failed to adequately warn James Thompson, Sr. concerning the dangers related to the Jazzy Select GT power chair's design and construction and the dangers inherent to the reasonably anticipated use of the product.

38.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, gives no meaningful warning to its consumers of how dangerously flammable the upholstery material is and how once it commences to burn, it will not self extinguish.

39.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, gives no warning concerning flammability precautions around open flames or the risk of fire hazard worn or damaged upholstery, nor does it give any warning about whether cleaning the upholstery may reduce the resistance to flammability of the fabric.

40.

Specifically, defendant, PRIDE MOBILITY PRODUCTS CORPORATION, failed to provide petitioner, or ordinary users and handlers, with adequate warnings of all dangers inherent in the reasonably anticipated use of its product or the limitations of its product which were not within the knowledge of, or obvious to, the ordinary users of the product.

41.

The literature that is provided to the consumer of the Jazzy Select GT product makes no mention, whatsoever, of the propensity of the electrical circuitry to catch on fire or that the upholstery cover material and foam cushions are a fire danger.

42.

When defendant, PRIDE MOBILITY PRODUCTS CORPORATION, designed and manufactured the Jazzy Select GT, it was more dangerous than the ordinary consumer would expect, when used in a reasonably foreseeable manner.

43.

It was reasonable foreseeable that a consumer of this product would assume that the product with its declared multiple uses as depicted in its advertisement would have upholstered seats that would be at least as fire resistant as automobile seats.

44.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, was negligent in the design and construction of the Jazzy Select GT and because of the many reported injuries and deaths from fires, it knew or should have known that the Jazzy Select GT was defective and dangerous and that it was reasonably foreseeable that the accident in question would occur.

45.

Defendant, PRIDE MOBILITY PRODUCTS CORPORATION, knew its product lacked reasonable upholstery and cushion flammability resistance and knew that electrical problems had caused fires in its product prior to James Thompson, Sr.'s death yet it failed to recall the product or warn its customers.

46.

It is alleged on information and belief that the injuries of petitioner were caused through the fault and negligence of defendant, PRIDE MOBILITY PRODUCTS CORPORATION, as follows:

a) In designing, constructing and manufacturing the Jazzy Select GT which was in a defective condition, unreasonably dangerous and unsafe for reasonably anticipated use;

b) In failing to properly design and install the electrical circuitry, wiring, connections or control circuitry on the Jazzy Select GT.

c) In failing to properly design and install the battery and charging system on the Jazzy Select GT such that captured hydrogen gas would not become combustible.

d) In failing to properly design and install the charger harness/control harness on the Jazzy Select GT.

e) Breach of duty owed to consumers, such as James Thompson, Sr., to use reasonable care in the design and manufacture of the Jazzy model power chair to ensure that the its upholstered foam seating surface was as fire and flame resistant as reasonably possible.

f) Failure to reduce potential hazards of ignition/fire of the seating surface and/or materials used in the construction and/or covering of the chair on the Jazzy Select GT power chair.

g) Failure to reasonably foresee the potential exposure to risks associated with exposure to fire or heat source that could ignite the seating surface and/or materials used in the construction and/or covering of the chair on the Jazzy Select GT power chair.

h) Use of inherently unstable, unsuitable and insufficient material and/or defective material in the design and construction of the power chair, which cause the power chair to ignite, and which made the power chair unfit for a particular use, namely for a person to sit upon and use the product as motorized transportation.

i) In negligently representing the Jazzy Select GT to be safe, when in fact it was unsafe, defective and unreasonably dangerous;

j) In distributing the Jazzy Select GT in an unreasonably defective condition for its intended use;

k) For breaching its implied warranty of merchantability and fitness for its intended use;

l) For breaching its clear duty to consumers by failing to safeguard its products by warning consumers of the proper flammability precautions and potentially dangerous and/or life threatening risks associated with the upholstery and foam cushions on the power chair.

m) Failure to safely design, construct, assemble, manufacture, test, and inspect the product prior to placing the product into the stream of commerce.

n) Failure to provide adequate warning to consumers or users of the dangers or hazards inherent in the use of the power chair.

47.

When defendant, PRIDE MOBILITY PRODUCTS CORPORATION, designed, manufactured and sold the Jazzy Select GT, it was more dangerous than the ordinary consumer would expect, when used in a reasonably foreseeable manner.

48.

Defendant, THE SCOOTER STORE, INC., was the supplier of the defective and unreasonably dangerous product and sold the product to James Thompson, Sr.

49.

It is alleged on information and belief that the injuries of petitioner were caused through the fault and negligence of defendant, THE SCOOTER STORE, INC., as follows:

a)      Failure to provide adequate warning to consumers or users of the flammability precautions and dangers or hazard inherent in the use of the power chair.

b)      Failure to properly instruct James Thompson, Sr. on the risk of fire hazards should his upholstery become worn or be washed.

c)      In negligently repairing the chair or directing James Thompson, Sr. to a negligent repair service.

d)      In distributing the power chair that was unreasonably defective for its intended use.

e)      For failing to notify James Thompson, Sr. of the fire risks that it discovered and knew about after James Thompson, Sr. purchased the chair.

50.

Defendant, THE SCOOTER STORE - BATON ROUGE, L.L.C., provided negligent maintenance and repair work to the power chair owned by James Thompson, Sr.

51.

It is alleged on information and belief that the injuries of petitioner were caused through the fault and negligence of defendant, THE SCOOTER STORE – BATON ROUGE, L.L.C, as follows:

a)      In failing to maintain and repair the power chair owned by James Thompson, Sr.

b)      In failing to properly inspect the power chair owned by James Thompson, Sr. during maintenance and repair work on the chair.

c)   In failing to warn customers of the power chair of possible fire dangers.

d)   In negligently representing the power chair to be safe, when in fact it was unsafe, defective and unreasonably dangerous.

e)   In negligently cleaning the upholstery and causing the upholstery's resistance to flammability to be diminished.

52.

Plaintiffs, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, are the surviving children of James Thompson, Sr. and are the proper parties to bring this action and are entitled to damages for the wrongful death of their father, James Thompson, Sr., under LSA-C.C. Art. 2315.2.

53.

Plaintiffs, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, are the surviving children of James Thompson, Sr. and are the proper parties to bring this action and are entitled to damages under LSA-C.C. Art. 2315.1 for survival action of James Thompson, Sr.

54.

As a result of the injuries, Petitioners, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, incurred severe emotional stress, loss of enjoyment of life, past and future, and funeral expenses, and medical expenses all for which petitioners are entitled to recover from the defendant in a reasonable amount to be fixed by this Honorable Court.

55.

As a result of the injuries, Petitioners, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, incurred negligent infliction of emotional distress for which petitioner are entitled to recover from the defendant in a reasonable amount to be fixed by this Honorable Court.

56.

As a result of this incident, JAMES THOMPSON, JR. suffered a loss of consortium, services and society of his father, JAMES THOMPSON, SR.

57.

As a result of this incident, NORMA PATTERSON, suffered a loss of consortium, services and society of her father, JAMES THOMPSON, SR.

58.

As a result of this incident, CAROL LOUISE YELLOTT, suffered a loss of consortium, services and society of her father, JAMES THOMPSON, SR.

WHEREFORE, Petitioners, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, pray for service and citation on the defendants according to law and after due proceedings had and trial thereof, there be judgment herein in favor of petitioners, JAMES THOMPSON, JR, NORMA PATTERSON, AND CAROL LOUISE YELLOTT, and against the defendants, PRIDE MOBILITY PRODUCTS CORPORATION, THE SCOOTER STORE, INC., AND THE SCOOTER STORE – BATON ROUGE, L.L.C., in just and reasonable sums as prayed for herein, together with costs of Court, prejudgment interest, and for all such other relief, both general and special, in law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

THE TOWNSLEY LAW FIRM

BY:    TODD A. TOWNSLEY (#21095)
       3102 Enterprise Boulevard
       Lake Charles, LA 70601
       Tel: (337) 478-1400
       Fax: (337)478-1577

PLEASE SERVE DEFENDANTS AS OUTLINED
IN PARAGRAPH NUMBER ONE.

A TRUE COPY
Lake Charles, Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana

JAN 2 4 2013



CORPORATION SERVICE COMPANY

# Notice of Service of Process

null / ALL
Transmittal Number: 10788121
Date Processed: 01/30/2013

| | |
|---|---|
| Primary Contact: | Suzanne Maldonado<br>The Scooter Store - USA, Inc.<br>1650 Independence Drive<br>New Braunfels, TX 78132 |
| Copy of transmittal only provided to: | Teresa Meckel |

| | |
|---|---|
| Entity: | The SCOOTER Store - Baton Rouge, L.L.C.<br>Entity ID Number 2467741 |
| Entity Served: | The Scooter Store Baton Rouge |
| Title of Action: | James Thompson, Jr. vs. Pride Mobility Products Corporation |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Wrongful Death |
| Court/Agency: | Calcasieu Parish District Court, Louisiana |
| Case/Reference No: | 2013-0148 F |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 01/29/2013 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Todd A. Townsley<br>337-478-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

JAMES THOMPSON JR
VS.    2013-000148
PRIDE MOBILITY PRODUCTS
CORPORATION

Citation



14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  THE  SCOOTER  STORE  BATON
ROUGE
THROUGH              AGENT,
CORPORATION SERVICE CO,
320 SOMERULOS ST,
Baton Rouge, LA 70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of JAMES  THOMPSON, Jr.,  ET AL    (PETITION FOR DAMAGES)    against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of January 2013.

Issued and delivered January 24, 2013

Byron Wilkinson
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE    $_____         BY:  _____
                                    Deputy Sheriff
MILEAGE    $_____

TOTAL$_____

Party No.    P001

Filing Date 01/24/2013 12:00 AM    Page Count: 1
Case Number: 2013-000148
Document Name: Citation

[ Service Copy ]
CMS0085

Page 1 of 1

|  | Citation/Long Arm |  |
|---|---|---|
| JAMES THOMPSON JR<br>VS.    2013-000148<br>PRIDE MOBILITY PRODUCTS<br>CORPORATION |  | 14ᵗʰ Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:   THE SCOOTER STORE INC                    PURSUANT   TO   LOUISIANA
      THROUGH   PRESIDENT,   DIRECTOR,   LONG-ARM STATUTE
      DOUG HARRISON,
      1650 INDEPENDENCE DRIVE
      NEW BRAUNFELS, TX 78132

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of JAMES THOMPSON, Jr. against you, certified
copy of which petition accompanies this citation, or file your answers thereto in writing in
the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said
Parish, within thirty (30) days after the service hereof, under penalty of default.

***PETITION FOR DAMAGES***

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10TH day of
JANUARY 2013.

Issued and delivered January 24, 2013

                                          _____
                                          Byron Wilkinson
                                          Deputy Clerk of Court

- - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - -

Received  on  the  _____  day  of  _____  20____,  and  on  the  _____  day of
_____  20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of
seventeen years, living and residing in said domicile and whose name and other facts connected with
this service, I learned by interrogating the said person, said party herein being absent from his
residence at the time of said service.
RETURNED:
PARISH OF _____  this _____ day of _____  20____

SERVICE       $_____             BY: _____
                                          Deputy Sheriff
MILEAGE       $_____

TOTAL$_____

Party No.    P001

A TRUE COPY
Lake Charles, Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana    JAN 2 4 2013

# THE TOWNSLEY LAW FIRM L.L.P.
### 3102 ENTERPRISE BLVD.
### LAKE CHARLES, LOUISIANA 70601

REX D. TOWNSLEY
TODD A. TOWNSLEY
MARCUS P. LACOMBE

DAMON L. BEARD

TELEPHONE 337-478-1400
FAX 337-478-1877

February 5, 2013

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7012 0470 001 4490 2184**

The Scooter Store, Inc.
Through President, Director
Mr. Doug Harrison
1650 Independence Drive
New Braunfels, TX. 78132

       RE:   James Thompson, Jr., Norma Patterson
             and Carol Louise Yellott
             vs. no. 2013-000148
             Pride Mobility Products Corporation,
             The Scooter Store, Inc. and The
             Scooter Store – Baton Rouge, L.L.C.

Dear Sir:

    You are hereby notified that you have been named as a defendant in the above-entitled suit.  Service of process is through the Louisiana Long Arm Statute, LSA-R.S. 13:3201, et.seq.

    Enclosed is a certified copy of the Petition for Damages.  You are cited to appear before the Court to file an answer within thirty (30) days of service, under penalty of default.

                       Very truly yours,

                       TODD A. TOWNSLEY

TAT/ah
Enclosures



CERTIFIED MAIL

7012 0470 0001 4490 2184

THE TOWNSLEY LAW FIRM L.L.P.
3102 ENTERPRISE BLVD.
LAKE CHARLES, LADRIANA 70601

The Scooter Store, Inc.
Through President, Director
Mr. Doug Harrison
1650 Independence Drive
New Braunfels, TX. 78132



Citation/Long Arm

JAMES THOMPSON JR
VS.    2013-000148
PRIDE MOBILITY PRODUCTS
CORPORATION

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  PRIDE      MOBILITY      PRODUCTS      PURSUANT   TO   LOUISIANA
     CORPORATION                              LONG-ARM STATUTE
     THROUGH ITS PRESIDENT, SCOTT S
     MEUSER
     182 SUSQUEHANNA AVENUE
     EXETER, PA  18643

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of JAMES  THOMPSON, Jr. against you, certified
copy of which petition accompanies this citation, or file your answers thereto in writing in
the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said
Parish, within thirty (30) days after the service hereof, under penalty of default.

***PETITION FOR DAMAGES***

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10TH day of
JANUARY 2013.

Issued and delivered January 24, 2013

Byron Wilkinson
Deputy Clerk of Court

------------------------------------------------SERVICE INFORMATION------------------------------------------------

Received  on  the  _____  day  of  _____  20___, and on  the  _____  day of
_____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named  _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of
seventeen years, living and residing in said domicile and whose name and other facts connected with
this service, I learned by interrogating the said person, said party herein being absent from his
residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE       $_____       BY:   _____
                                       Deputy Sheriff
MILEAGE       $_____

TOTAL$_____

Party No.     P001

A TRUE COPY
Lake Charles, Louisiana
Byron Wilkinson
Deputy Clerk of Court
Calcasieu Parish, Louisiana        JAN 2 4 2013

FEB 1 2 2013

# THE TOWNSLEY LAW FIRM L.L.P.
3102 ENTERPRISE BLVD.
LAKE CHARLES, LOUISIANA 70601

REX D. TOWNSLEY
TODD A. TOWNSLEY
MARCUS P. LACOMBE

DAMON L. BEARD

TELEPHONE 337-478-1400
FAX 337-478-1877

February 5, 2013

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7012 0470 001 4490 2207**

Pride Mobility Products Corporation
Through its President Mr. Scott S. Meuser
Or any authorized representative
182 Susquehanna Avenue
Exeter, PA. 18643

    RE:    James Thompson, Jr., Norma Patterson
           and Carol Louise Yellott
           vs. no. 2013-000148
           Pride Mobility Products Corporation,
           The Scooter Store, Inc. and The
           Scooter Store – Baton Rouge, L.L.C.

Dear Sir:

    You are hereby notified that you have been named as a defendant in the above-entitled suit.  Service of process is through the Louisiana Long Arm Statute, LSA-R.S. 13:3201, et.seq.

    Enclosed is a certified copy of the Petition for Damages.  You are cited to appear before the Court to file an answer within thirty (30) days of service, under penalty of default.

                            Very truly yours,

                            TODD A. TOWNSLEY

TAT/ah
Enclosures